**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TYRONE HOLLOWAY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| **MICHAEL KLOPOTOSKI,** | : | |
| **WARDEN, et al.** | : | **NO. 08-cv-0758** |

## MEMORANDUM AND ORDER

Article I, Section 9, Clause 2 of the United States Constitution, as well as The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified in relevant part as 28 U.S.C. §§2241-2266) deal with the right of all persons in state custody, or in federal custody, to file a petition in federal court seeking the issuance of a writ of habeas corpus. If such a writ of habeas corpus is issued by a federal court, the prisoner will be released from either state custody or federal custody (as the case may be) on the grounds that his rights guaranteed by the United States Constitution, or by federal law, or by a treaty entered into by the United States, have been violated.[1]

In cases involving prisoners in state custody, AEDPA, provides for possible relief by means of 28 U.S.C. §2254 for a prisoner who makes a **_constitutional_**[2] attack on the imposition, **_and/or_** the execution,[3] of a state conviction and/or a state sentence, which may

---

[1]For the purpose of brevity, we will use the term "Constitutional" throughout this manual to refer not only to attacks on federal custody or on state custody based on alleged violations of the U.S. Constitution, but also to attacks on such custody based on any asserted federal collateral grounds, such as alleged violations of federal statutes or treaties involving the United States, or attacks on an alleged lack of jurisdiction by the sentencing court or, in federal custody cases, attacks on a sentence that allegedly illegally exceeds the legal maximum.

[2]Where there is an attack on state custody which does not involve a Constitutional argument, there is no right to habeas corpus relief, and, assuming that petitioner's appeals in state court are exhausted, the proper remedy lies in filing a petition with the state's Governor seeking executive clemency. Herrera v. Collins, 506 F.3d 390 (1993). Although Herrera is a pre-AEDPA case, it remains valid law after the enactment of AEDPA. Ruiz v. USA, 221 F.Supp. 2d 66 (D.Mass. 2002), aff'd, 339 F.3d 39 (1st Cir. 2003).

[3]Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

only be filed after the state conviction has been imposed.[4]  Habeas Corpus petitions filed pursuant to 28 U.S.C. §2254 are the ***only*** possible means of obtaining this type of relief from state custody.  Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

Petitioner, a prisoner in the custody of the state of Pennsylvania, filed a petition pursuant to 28 U.S.C. §2254 on August 9, 2002, which the Clerk of this Court properly labeled as 02-cv-6701.  02-cv-6701 raised ten claims based on the United States Constitution that allegedly supported his relief from custody; two of these ten claims were dismissed after consideration of the merits; the other eight claims were found to be procedurally defaulted.[5]

Petitioner filed 08-cv-0758 on February 15, 2008, requesting to gain his release from state custody; however, he based this request not on the law of habeas corpus, but on the following three arguments.

> ***ARGUMENT ONE:***   that his release from custody is allegedly authorized by Federal Rule of Civil Procedure 60(b).
>
> ***ARGUMENT TWO:***   that his release from custody is allegedly authorized by Article III of the United States Constitution.
>
> ***ARGUMENT THREE:***   that his release from custody is allegedly authorized by 28 U.S.C. §2243.

For the following reasons, all three of these arguments must fail.

---

[4]Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

[5]A 28 U.S.C. §2254 case is found to be Procedurally Defaulted where the petitioner in such a §2254 case previously had the right to file an appeal of the conviction and/or sentence involved to a state court but the petitioner did not, in fact, file such an appeal, and some procedural rule of the state court system dictates that the time has passed for such a state filing.  This principle is based on the concept that the states are free to impose procedural bars designed to restrict repeated attempts to re-litigate matters in state appellate courts.  Slack v. McDaniel, 529 U.S. 473 (2000).

**_ARGUMENT ONE_**.

By means of AEDPA, Congress **_intentionally_** created a series of **_restrictive gate-keeping conditions_** which must be satisfied for a prisoner to prevail regarding a petition seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §2254. One such intentionally restrictive gate-keeping condition is AEDPA's **_strict and short statute of limitations_**, created by 28 U.S.C. §2244(d).   Another one of these intentionally restrictive gate-keeping conditions is AEDPA's so-called **_"second or successive rule"_**, created by 28 U.S.C. §2244(b), which generally forbids a litigant from filing a §2254 habeas if that litigant had at least one previous §2254 habeas that was "dismissed after adjudication of the merits of the claims presented,"[6] which means **_either:_**

    I.     a dismissal after a consideration on the merits;[7] **_or,_**

    II.    a dismissal on the grounds of the statute of limitations;[8] **_or,_**

    III.   a dismissal on grounds of procedural default.[9]

The strict AEDPA gate-keeping procedures were enacted by Congress in order to support the policy of creating finality with respect to state and federal criminal

---

[6] Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

[7] Dunn v. Singletary, 168 F.3d 440 (11th Cir. 1999).

[8] Duncan v. Walker, 533 U.S. 167 (2001).

[9] In re Cook, 215 F.3d 606 (6th Cir. 2000).  (A 28 U.S.C. §2254 case is found to be Procedurally Defaulted where the petitioner in such a §2254 case previously had the right to file an appeal of the conviction and/or sentence involved to a state court but the petitioner did not, in fact, file such an appeal, and some procedural rule of the state court system dictates that the time has passed for such a state filing.  This principle is based on the concept that the states are free to impose procedural bars designed to restrict repeated attempts to re-litigate matters in state appellate courts.  Slack v. McDaniel, 529 U.S. 473 (2000)).

prosecutions.[10]

The Supreme Court of the United States has held that federal statutes, such as AEDPA, take precedence over any rule of court (including Rule 60(b)), and that where a prisoner files a purported Rule 60(b) motion which makes an argument based upon the United States Constitution, that that purported Rule 60(b) petition is to be treated as "similar enough" (in the Supreme Court's own words) to an AEDPA claim that failure to apply the second or successive rule of AEDPA would be inconsistent with AEDPA. Gonzalez v. Crosby, 545 U.S. 524 (2005).  See, also, Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004); Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000)

With regard to Argument One in 08-cv-0758, the law is settled that the only way that a Rule 60(b) motion would not be treated as a de facto AEDPA petition is if the Rule 60(b) Motion did not in any way attack the prisoner's conviction and/or sentence with an argument based upon the federal constitution. Gonzalez v. Crosby, 545 U.S. 524 (2005).  An example of such a case where the court could consider such a Rule 60(b) motion is where the previous habeas decision was denied without merits consideration, and the prisoner attacks solely the basis of how that previous decision was reached without making an argument based upon the federal constitution (such as attacks on how the previous habeas case was found by the court to be either procedurally defaulted or time-barred). Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004).  In this court's view, Argument One of 08-cv-0758 is not on point with the narrow exception to the general rules of AEDPA and Rule 60(b) carved out by the U.S. Supreme Court in Gonzalez.  The reason this matter is not on point with the rule in Gonzalez is that petitioner Holloway states in 08-

---

[10] Woodford v. Garceau, 538 U.S. 202 (2003); Duncan v. Walker, 533 U.S. 167 (2001); Crews v. Horn, 360 F.3d 146 (3rd Cir. 2004).

cv-0758 that he has non-constitutional reasons to attack the non-merits findings of procedural default in 02-cv-6701, but no matter carefully how his petition in 08-cv-0758 is read, **there is no statement as to <u>WHAT</u> these non-constitutional reasons are.** Accordingly, Argument One of 08-cv-0758 is **DENIED**.

### *<u>ARGUMENT TWO.</u>*

Petitioner also alleges that there is some inalienable "Equitable Power" that rests with federal courts pursuant to Article III of the United States Constitution, and that this alleged power allegedly cannot be subject to Congressional Limitation.

Article III, Section 2, Clause 2 of the United States Constitution bestows upon Congress the authority to both make "Exceptions" to the jurisdiction of federal courts, and to create "Regulations" limiting this jurisdiction. Petitioner's argument that Congress has acted unconstitutionally in limiting the habeas corpus jurisdiction of federal courts by means of AEDPA must therefore fail.

### *<u>ARGUMENT THREE.</u>*

28 U.S.C. §2243 is part of Chapter 153 of Title 28 of the United States Code. Petitioner is incorrect when he says that other provisions of Chapter 153 of Title 28 of the United States Code do not apply to arguments based upon 28 U.S.C. §2243. The fact is that both of the relevant statutes, 28 U.S.C. §2243 and 28 U.S.C. §2244, by their own terms, deal with the concept of habeas corpus. 28 U.S.C. §2244(b) specifically lays down procedures related to "second or successive" habeas corpus petitions, whereas 28 U.S.C. §2243 does not even mention the concept of "second or successive" habeas corpus petitions. 28 U.S.C. §2244(d) specifically establish a strict and short statute of limitations in habeas corpus cases whereas 28 U.S.C. §2243 does not even mention the concept of a statute of limitations in habeas corpus cases. In situations where a petitioner is seeking habeas corpus relief and two different parts of the various habeas corpus statues may apply, the more specific habeas corpus statute

takes precedence over the more general habeas corpus statute. Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001). Accordingly, petitioner is incorrect when he states that the AEDPA gate-keeping procedures do not apply to cases purportedly seeking relief based upon 28 U.S.C. §2243 alone.

Accordingly, this _____ day of _____ 2008, it is hereby

**ORDERED** that 08-cv-0758 is **DISMISSED WITH PREJUDICE**, and, it is further

**ORDERED** that the Clerk of this Court shall mark 08-cv-0758 as **CLOSED** for all purposes, including statistics.

        **S/ THOMAS M. GOLDEN**
        **THOMAS M. GOLDEN, U.S. District Judge**